IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § <br> § <br> §    CASE NUMBER 6:23-CR-00129-JCB <br> § <br> § <br> § <br> § <br> § <br> § |
| v. | |
| WILLIE J. SCUDERI, | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 30, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Willie Scuderi. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried statutory maximum imprisonment terms of 10 years. The guideline imprisonment range, based on total offense level of 25 and criminal history category of VI, was 110 to 120 months. On September 10, 2012, U.S. District Judge Monti L. Belot of the District of Kansas sentenced Defendant to 120 months imprisonment, followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include drug after-care, search conditions (suspended), firearms/weapons restrictions, and a $100.00 special assessment. On August 31, 2023, Defendant completed his period of imprisonment and began service of the supervision term. On December 5, 2023, this case was transferred to this district.

Under the terms of supervised release, Defendant was required to refrain from committing another federal, state, or local crime. In its petition, the government alleges that Defendant violated his conditions of supervised release on December 23, 2023, when he was arrested in Smith County, Texas for Driving While Intoxicated, a class A misdemeanor, and two counts of Accident Involving Damage to Vehicle, a class B misdemeanor.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release as alleged in the government's petition, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke supervised release, or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 8 months imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 8 months imprisonment with no supervised release to follow. The court **FURTHER RECOMMENDS** that the place of confinement be FCI Seagoville, Texas, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 1st day of May, 2024.**

2

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE